Case 7:21-cv-00168   Document 12   Filed on 07/26/21 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
July 26, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| LUIS EDUARDO MARISCAL, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | |
| § | CIVIL ACTION NO. 7:21-cv-00168 |
| ANTONY J. BLINKEN, in his official § | |
| capacity as United States Secretary of State; § | |
| and UNITED STATES OF AMERICA, § | |
| § | |
| Defendants. § | |

## ORDER

The Court now considers its July 9, 2021 order.[1] In that order, the Court warned Plaintiff that failure to serve Defendants by July 27th would result in dismissal of this case, absent good cause.[2] After the Court's order, however, but before Plaintiff filed proof of service, Defendants filed a motion to dismiss and certificate of interested parties.[3] The Court finds Defendants' motion constitutes a waiver of service, and thus excuses Plaintiff from strict compliance with Rule 4 and this Court's July 9th order, for the following reasons.

"[S]ervice of process and personal jurisdiction may be waived by a party."[4] A litigant "may submit to the jurisdiction of the court by appearance. A variety of legal arrangements have been taken to represent express or implied consent to the personal jurisdiction of the court."[5] For example, a party may make a general appearance submitting to the jurisdiction of this Court

---

[1] Dkt. No. 9.
[2] *Id.* at 2.
[3] Dkt. Nos. 10–11.
[4] *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1140 (5th Cir. 1980), *abrogated by Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (1982).
[5] *Ins. Corp. of Ir.*, 456 U.S. at 703.

"whenever it invokes the judgment of the court on any question other than jurisdiction,"[6] such as filing motions which seek "'a ruling from the trial court' which 'motion, if granted, [would] provide a benefit],' [so] the court's exercise of authority is invited and the party, having sought to benefit from the court's exercise of authority, is deemed to have voluntarily submitted" to the Court's jurisdiction.[7] The Fifth Circuit has found a motion to strike intervention or a motion to compel arbitration to constitute such voluntary submissions.[8] A defendant's appearance which obviates the plaintiff's obligation to serve process can even be implied "by reason of some act or proceedings recognizing the case as in court,"[9] but even "actual notice of the litigation . . . is insufficient to satisfy Rule 4's requirements,"[10] and even some affirmative acts like posting a bond or removing to federal court also do not obviate Rule 4's requirements.[11] The Court must examine the nature of the defendant's conduct or filings to ascertain whether service is waived.

Here, the Court finds that Defendants' motion constitutes an affirmative act that waives service of process. Defendants specifically seek a court order to dismiss Plaintiff's request for injunctive relief "for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6)."[12] The Court therefore holds that Defendants are seeking a favorable ruling which constitutes voluntary submission to this Court's jurisdiction and waiver of service of process.[13] Accordingly, Plaintiff is excused from proving service under Federal Rule of Civil Procedure 4(*l*)(1) and this Court's July 9th order.

---

[6] *Maiz v. Virani*, 311 F.3d 334, 340 (5th Cir. 2002).
[7] *Dow Agrosciences, LLC. v. Bates*, No. CIV.A. 5:01-CV-331-C, 2003 WL 22660741, at *25 (N.D. Tex. Oct. 14, 2003) (quoting *Maiz*, 311 F.3d at 341).
[8] *Maiz*, 311 F.3d at 341 (citing *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1340–41 (5th Cir. 1996)).
[9] *Cactus Pipe & Supply Co. v. M/V Montmartre*, 756 F.2d 1103, 1108 (5th Cir. 1985) (quotation omitted).
[10] *Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir. 1988).
[11] *See Custer v. M/V SEA BIRD*, No. 08-61780-CIV, 2009 WL 901509, at *2 (S.D. Fla. Mar. 31, 2009) (citing *Int'l Seafoods of Alaska, Inc. v. Park Ventures, Inc.*, 829 F.2d 751, 756–57 (9th Cir. 1987) and *2 Mai Mangalia Shipyard S.A. v. M/V BONSAI*, No. CIV.A. 95-3861, 2002 WL 362819, at *5 (E.D. La. Mar. 6, 2002)); *City of Clarksdale v. BellSouth Telecomm., Inc.*, 428 F.3d 206, 214 n.15 (5th Cir. 2005) ("A defendant's removal to federal court does not waive its right to object to service of process.").
[12] Dkt. No. 10 at 8.
[13] *See supra* note 7.

In light of Defendants' pending motion to dismiss,[14] which will ripen on August 6th,[15] only days before the Court's previously scheduled initial pretrial conference on August 17th,[16] the Court sua sponte **CONTINUES** the August 17th initial pretrial and scheduling conference to **September 14, 2021, at 9:00 a.m.** Parties shall file their joint discovery/case management plan pursuant to the Court's April 30th order[17] and Federal Rule of Civil Procedure 26(f) no later than **September 3, 2021**.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 26th day of July 2021.

_____
Micaela Alvarez
United States District Judge

---

[14] Dkt. No. 10.
[15] *See* LR7.3. Furthermore, a reply brief may be filed as late as August 13th. *See* LR7.4.E.
[16] Dkt. No. 9.
[17] Dkt. No. 2 at 1, ¶ 5.