United States District Court
Southern District of Texas
**ENTERED**
August 09, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| LUIS EDUARDO MARISCAL, § § Plaintiff, § § VS. § § CIVIL ACTION NO. 7:21-cv-00168 ANTONY J. BLINKEN, in his official § capacity as United States Secretary of State; § and UNITED STATES OF AMERICA, § § Defendants. § | |

## **OPINION AND ORDER**

The Court now considers "Defendant's [sic] Partial Motion to Dismiss and, Subject Thereto, Answer to Plaintiff's Petition for Habeas Corpus, Declaratory Relief, and Injuctive [sic] Relief,"[1] and "Plaintiff's Answer to Defendant's Motion to Dismissal."[2] Defendants' motion requests the Court "dismiss each of Plaintiff's claims, with the exception of his 8 U.S.C. § 1503(a) claim against Defendant Blinken."[3] Plaintiff's response, albeit riddled with grammatical errors, "asks the Court to after considering the motion, the plaintiff is not opposed to the relief requested and is agreeable to the dismissal of the United States and of all but the 1503 claim which he is advancing."[4] The Court interprets Plaintiff to agree with Defendants' motion to dismiss all of Plaintiff's claims except for Plaintiff's declaratory judgment action under 8 U.S.C. § 1503.[5]

---

[1] Dkt. No. 10.
[2] Dkt. No. 13.
[3] Dkt. No. 10 at 13.
[4] Dkt. No. 13 at 1.
[5] *See* Dkt. No. 1 at 6, ¶ 24.

"[T]he plaintiff's elimination of a fragment of an action as was the case here is more appropriately considered to be an amendment to the complaint under Rule 15."[6] Plaintiff is effectively requesting to amend his complaint under Federal Rule of Civil Procedure 15(a)(1)(B). Accordingly, the Court **GRANTS** Defendants' motion for partial dismissal,[7] **DISMISSES** all of Plaintiff's claims except for his claim brought under 8 U.S.C. § 1503, and **DISMISSES** all Defendants except for Antony J. Blinken in his official capacity as U.S. Secretary of State.[8]

The Court notes that Plaintiff originally sought habeas corpus relief[9] and, as such, Plaintiff was entitled to a reduced filing fee under 28 U.S.C. § 1914. However, Plaintiff no longer seeks habeas corpus relief, and his original complaint is now outmoded. Accordingly, the Court **ORDERS** Plaintiff to file an amended complaint consistent with this order, together with the difference in the filing fee paid and now required (viz. $397) no later than **August 19, 2021**. Failure to file an amended complaint or pay the difference in filing fee as ordered will be treated as a failure to prosecute or comply with the Court's order.[10]

IT IS SO ORDERED.

DONE at McAllen, Texas, this 9th day of August 2021.

_____
Micaela Alvarez
United States District Judge

---

[6] *Ryan v. Occidental Petrol. Corp.*, 577 F.2d 298, 302 n.2 (5th Cir. 1978) (citing 8 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE – CIVIL § 41.21[2] (3d ed. 1999)), *overruled on other grounds by Curtiss–Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1 (1980).
[7] Dkt. No. 10.
[8] *See Rosales-Rodriguez v. Berryhill*, No. 1:16-CV-00258, 2018 WL 1388531, at *1 (S.D. Tex. Mar. 15, 2018) (dismissing the United States as an improper party for the plaintiff's 8 U.S.C. § 1503 claim), *aff'd*, 751 F. App'x 569 (5th Cir. 2019).
[9] Dkt. No. 1 at 6, ¶ 22.
[10] *See* FED. R. CIV. P. 41(b).